IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ETHEL M. LOVE, | ) |
| | ) |
| Plaintiff, | ) No. 13 C 2292 |
| | ) |
| v. | ) Magistrate Judge Jeffrey T. Gilbert |
| | ) |
| CAROLYN W. COLVIN, Acting | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Claimant Ethel Mae Love ("Claimant") brings this action under 42 U.S.C.§ 405(g) seeking reversal or remand of the decision of Respondent Carolyn W. Colvin, Acting Commissioner of Social Security ("Commissioner"), denying her application for disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1 for all proceedings, including entry of final judgment. ECF No. 12.

This matter is before the Court on the parties' cross-motions for summary judgment. ECF Nos. 22, 31. For the reasons discussed herein, the Commissioner's Motion for Summary Judgment (ECF No. 31) is denied. Claimant's Motion for Summary Judgment (ECF No. 22) is granted, and this matter is remanded to the Social Security Administration ("SSA") for further proceedings consistent with this Memorandum Opinion and Order.

**I. PROCEDURAL HISTORY**

Claimant filed concurrent applications for disability, disability insurance benefits, and supplemental security income on November 4, 2010. R. 11. She alleged a disability onset date of

April 27, 2010. *Id.* The SSA initially denied the application on January 19, 2011, and upon reconsideration on March 14, 2011. *Id.* Claimant filed a timely request for an administrative hearing on April 4, 2011, which was held before an administrative law judge ("ALJ") on November 9, 2011. *Id.* Claimant personally appeared and testified at the hearing, and she was represented by counsel. *Id.* at 38. James Radke, a vocational expert, also appeared and testified at the hearing. *Id.*

The ALJ issued a written decision on December 2, 2011, finding Claimant not disabled under the Social Security Act. *Id.* at 11–24. At step one of the required five-step sequential evaluation process, the ALJ found that Claimant had not engaged in substantial gainful activity since her application date of April 27, 2010. *Id.* at 13. At step two, the ALJ found that Claimant had the severe impairments of hypertension, Graves disease, and mild lumbar degenerative disc disease. *Id.* At step three, the ALJ determined that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926). *Id.* at 13-14.

The ALJ determined that Claimant had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b), with the following specifications: Claimant can lift twenty pounds occasionally and ten pounds frequently; she can stand or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday; she requires the option to sit or stand at will, but this will not keep her of task more than 10 percent of the workday; she can occasionally balance, stop, kneel, crouch; she can crawl and climb ramps and stairs; she should not climb ropes, ladders, or scaffolds. *Id.* at 14. At step four, the ALJ found that Claimant is unable to perform relevant past work. *Id.* at 22. At step five, the ALJ

2

found that there were jobs existing in significant numbers in the national economy that Claimant could perform, and therefore found that Claimant was not disabled under the Social Security Act. *Id.* at 23-24.

The Social Security Appeals Council denied Claimant's request for review on January 31, 2013, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1–3. Claimant seeks review in this Court pursuant to 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

In reviewing the Commissioner's decision, the Court may not "displace the ALJ's judgment by reconsidering facts or evidence, or by making independent credibility determinations." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008). Rather, the Court's review is limited to determining whether the decision is supported by substantial evidence and whether the ALJ applied the correct legal standards. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002).

Even when there is adequate evidence in the record to support the decision, however, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). While the ALJ is not required to address "every piece of evidence or testimony in the record," the analysis "must provide some glimpse into the reasoning behind [the] decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). At a minimum, the ALJ must articulate her analysis "with enough detail and clarity to permit meaningful appellate review." *Boiles v. Barnhart*, 395

3

F.3d 421, 425 (7th Cir. 2005). If the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009).

### III. ANALYSIS

Claimant argues that the decision of the Administrative Law Judge ("ALJ") should be reversed for three reasons: (1) the ALJ erred in making her residual functional capacity ("RFC") determination, as it was not supported by substantial evidence; (2) the ALJ improperly weighted the opinions of treating physicians; and (3) the ALJ improperly assessed Claimant's credibility. Cl.'s Br. (ECF No. 22), at 2. The Court agrees with Claimant that the ALJ did not support her RFC determination with substantial evidence. Remand, therefore, is appropriate. Upon remand, the ALJ should also revisit the weight assigned to Claimant's treating physicians and Claimant's credibility.

**A. The ALJ did not support her RFC determination with substantial evidence**

Claimant argues that the ALJ's RFC determination was erroneous because it was not supported by substantial evidence. Cl.'s Br. (ECF No. 22), at 9. The Court agrees.

RFC describes the "work-related activities [that] the claimant can perform despite her limitations." *Young v. Barnhart*, 362 F.3d 995, 1000–01 (7th Cir. 2004); SSR 96–8p ("RFC is an administrative assessment of the extent to which an individual's medically determinable impairment(s), including any related symptoms, such as pain, may cause physical or mental limitations or restrictions that may affect his or her capacity to do work-related physical and mental activities."). In assessing RFC, the ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical

4

evidence...." *See Id.* An ALJ's failure to do this is reversible error. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005).

The ALJ made the following RFC determination: Claimant can perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b); Claimant can lift and carry twenty pounds occasionally, and ten pounds frequently; Claimant can stand or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday; Claimant needs to alternate between sitting and standing at will, although this will only keep her off task less than ten percent of the workday. R. 14.

This RFC determination is inconsistent with all of Claimant's treating physicians. Dr. Jacobs found Claimant should not lift more than 10 pounds. *Id.* at 284. Dr. Smith found Claimant can lift 10 pounds occasionally and twenty pounds rarely. *Id.* at 267. Dr. Smith also found Claimant can sit for only four hours in an eight-hour workday, and stand or walk for only four hours in an eight-hour workday. *Id.* Dr. Papiez found Claimant should not push, pull, or sit. *Id.* at 280.

The ALJ grants very little or no weight to all three of these opinions. *Id.* at 19-20. Irrespective of whether that was the right call, the ALJ failed to find other support for her RFC determination. In particular, it is not clear why the ALJ thinks Claimant can lift ten pounds frequently and twenty pounds occasionally. The ALJ does not suggest this finding is supported by any physician on record, or by any specific medical evidence. In fact, Dr. Smith and Dr. Jacobs are the only physicians on record, treating or otherwise, to opine on Claimant's lifting capacity. Yet the ALJ disregards both opinions and makes a determination that is plainly contradictory, and does not explain how she arrives at her conclusion.

The present situation is similar to *Barrett v. Barnhart*, 355 F.3d 1065 (7th Cir.) on reh'g, 368 F.3d 691 (7th Cir. 2004). In *Barrett*, the ALJ found that the claimant was capable of standing for two hours at a time. 355 F.3d at 1068. The court said: "[I]n particular (this is the third serious flaw in his analysis) we do not know on what basis he decided that Barrett can stand for two hours at a time. No physician said that." The court, also noting an absence of other supporting evidence, found the ALJ's determination to be reversible error. *Id.* Similarly, the ALJ erred in the present case by going against the physicians on record and failing to otherwise substantiate her RFC determination.

The ALJ also does not support her RFC determination with any specific medical evidence. The closest she comes to doing so is her statement that "the record does not support a finding that the claimant is precluded from engaging in work activity at the above-described residual functional capacity." R. 15. However, this conclusory assertion fails to provide the specific medical evidence expressly required to support an RFC determination. SSR 96–8p at *7; see also *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) ("The Commissioner's determination must be based on testimony and medical evidence in the record.").

By rejecting all the medical opinions on record, and failing to support her determination with any specific evidence, the ALJ created an "evidentiary deficit" which she attempted to fill with her own lay opinion. *Suide v. Astrue*, 371 Fed.Appx. 684, 690 (2010). This she cannot do. *Id.*; *Rohan v. Chater*, 98 F.3d 966, 970-71 (7th Cir. 1996) (finding that an ALJ impermissibly "indulged his own lay view" of the case by failing to ground his opinion "on any medical evidence or authority"); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("We have recognized that an ALJ cannot play the role of doctor and interpret medical evidence when he or she is not qualified to do so."). Accordingly, the case is remanded.

## B. The ALJ should better explain how she weighted the opinions of Claimant's treating physicians

Claimant argues that the ALJ improperly weighted the opinions of the treating physicians on record. Cl.'s Br. (ECF No. 22), at 2. Upon remand, the ALJ should revisit this issue in light of the concerns expressed below.

The "treating physician" rule, 20 C.F.R. § 404.1527(c)(2), "directs the administrative law judge to give controlling weight to the medical opinion of a treating physician if it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and 'not inconsistent with the other substantial evidence.' " *Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008) (quoting *Hofslien v. Barnhart*, 439 F.3d 375, 376 (7th Cir. 2006)). Once well-supported contradictory evidence is introduced, however, the treating physician's opinion is no longer entitled to controlling weight and it becomes simply another piece of evidence for the ALJ to weigh. *Id.* In this case, the Court has concerns with three of the rationales the ALJ used to assign reduced weight to Dr. Smith's opinion.

First, the ALJ found that Dr. Smith provided conflicting assessments of Claimant, based on her RFC determination in May of 2011 and her letter to Claimant's employer in July of 2011. R. 20. This claim mischaracterizes the record. Dr. Smith's July assessment of Claimant stated that she would need two to three breaks for twenty minutes in a five-hour workday. *Id.* at 219. Dr. Smith's May assessment of Claimant stated that she would need two to three breaks for thirty minutes to one hour in a typical workday. *Id.* at 267. Notably, this assessment was a response to a form question that did not indicate a workday length, nor did it leave room for the doctor to fill one in. *Id.* However, two of the preceding questions on the form reference an eight-hour workday. *Id.* This fact makes it quite likely that Dr. Smith was referencing an eight-hour

workday when filling out the May assessment, which explains why she stated that Claimant needed longer breaks.

The ALJ next notes that Dr. Smith's assessment of Claimant is inconsistent with Claimant's self-assessment. R. at 20. On December 12, 2010, Claimant filled out a function report for the Social Security Administration. *Id.* at 189-197. In this report, Claimant stated she could lift twenty pounds. *Id.* at 194. This supposedly conflicts with Dr. Smith's May 3, 2011 RFC assessment, which stated that Claimant can lift ten pounds occasionally and twenty pounds rarely. *Id.* at 266-67. These reports are perfectly consistent. Dr. Smith said Claimant can lift twenty pounds occasionally; Claimant reported that she can lift twenty pounds. While Claimant does not specify how often she can lift twenty pounds, there is no reason to assume she intended a meaning different from that of Dr. Smith.

Finally, the ALJ states that the course of treatment prescribed by Dr. Smith was not consistent with the treatment of a truly disabled person. R. 20. Specifically, the ALJ notes that Dr. Smith should have recommended narcotic pain medication, epidural steroid injections, or surgery. *Id.* The ALJ does not explain why Dr. Smith should have made these recommendations, or specifically how they would have helped. Thus, the ALJ substituted her own medical judgment for that of Dr. Smith, which she cannot do. *See Murphy v. Astrue*, 496 F.3d 630, 634 (2007).

## C. The ALJ should revisit the issue of Claimant's credibility

Claimant also argues that the ALJ improperly assessed her credibility. Cl.'s Br. (ECF No. 22), at 2. The ALJ should revisit this issue in light of the concerns expressed below.

The ALJ found that Claimant failed to follow through with her physical therapy, and that this suggested her symptoms may not be as serious as she claims. R. 20-21. As an initial matter,

8

an ALJ can make an adverse credibility finding when a claimant does not have a good reason for failing to follow a treatment plan. *Craft v. Astrue*, 539 F.3d 668, 679 (7th Cir. 2008). However, the ALJ must first inquire into the reasons the claimant did not follow the treatment plan before she can draw any negative inferences. *Id.*

In this case, the ALJ never asked Claimant why she had not yet begun physical therapy. However, the record provides some insight into this matter. First, there is the possibility that the ALJ's claim is, in fact, incorrect. The ALJ accurately found that, during an August 2011 visit, Dr. Clar noted that Claimant had not yet had any physical therapy. R. 21, 276. However, on two visits in 2010 Dr. Jacobs noted that Claimant was attending physical therapy. *Id.* at 255, 257. Also, on two later visits Dr. Smith noted that Claimant was attending her "back classes." *Id.* at 253, 278. The ALJ apparently attempted to clarify this issue during the November 9, 2011 hearing:

> Q: And, so, you're going to be starting physical therapy next –
> A: On the 29th
> Q: Next week.
> A: Yes, on the 29th.
> Q: Have they told you what they're planning on doing or this is your first evaluation?
> A: No, this would be my first time going to Provident Hospital. That's were [sic] I be taking my treatment.

*Id.* at 41. Claimant's responses here are ambiguous regarding the question of whether she had any physical therapy for her back in the past year. She indicated that this is her first time attending physical therapy at Provident Hospital, but did not indicate that it is her first time attending physical therapy. (Notably, while the ALJ asks Claimant about her physical therapy, she did not ask Claimant about her reasons for not going.)

An additional possibility is that the physical therapy simply wasn't effective. In an August 2010 visit, Dr. Jacobs noted that Claimant is "[s]till having back pain, despite following

9

all recommendations–using meds and doing PT." R. 255. If physical therapy is in fact not helpful for Claimant, then the ALJ cannot diminish her credibility for not continuing it. *Ribaudo v. Barnhart*, 458 F.3d 580, 585 (7th Cir. 2006) (finding that an ALJ cannot base an adverse credibility finding off of a claimant's "failure to purse ineffective treatment[]").

## IV. CONCLUSION

For the reasons set forth above, Claimant's Motion for Summary Judgment (ECF No. 22) is granted, and the Commissioner's Motion for Summary Judgment (ECF No. 31) is denied. This matter is remanded to the Social Security Administration for further proceedings consistent with the Court's Memorandum Opinion and Order.

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: July 6, 2015